# DEFENDANT'S EXHIBIT A

# STATE OF NORTH CAROLINA

File No. 18CVS00154

HERTFORD County

In the General Court of Justice 18CVS00154
☐ District ☑ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| Steven Earley | |
| Address | **CIVIL SUMMONS** |
| P.O. Box 291 | |
| City, State, Zip | |
| Woodland, NC 27897 | G.S. 1A-1, Rules 3,4 |
| **VERSUS** | |
| Name of Defendant(s) | ☐ Alias and Pluries Summons |
| PNC Bank National Association | |
| | Date Last Summons Issued |

**To Each Of The Defendant(s) Named Below:**

RECEIVED

Name And Address Of Defendant 1
PNC Bank National Association
c/o William S. Demchak, Chairman, President & CEO
222 Delaware Avenue
Wilmington, DE 19899

MAY 23 2018

Legal Department
Wilmington, DE

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff of plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| LLOYD C. SMITH, III | May 14, 2018 | 12:08 | ☐ AM ☑ PM |
| PRITCHETT & BURCH, PLLC | Signature | | |
| POST OFFICE DRAWER 100 | | | |
| WINDSOR, NORTH CAROLINA 27983 | ☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk of Superior Court | | |

| | Date Issued | Time | |
|---|---|---|---|
| ☐ | | | ☐ AM ☐ PM |
| | Signature | | |
| ENDORSEMENT  This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

RECEIVED

JUN 05 2018

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed

LEGAL DEPARTMENT
PITTSBURGH,

AOC-CV-100
Rev. 9/96                    (Over)

RECEIVED
MAY 23 2018
Legal Department
Wilmington, DE

FILED
18 MAY 14 PM 12:08
HERTFORD COUNTY, C.S.C.
BY _____

File # 18CVS00154

Film #_____

| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
|---|---|
| COUNTY OF HERTFORD | SUPERIOR COURT DIVISION |

Steven Earley,
      Plaintiff

vs.

**COMPLAINT WITH DEMAND FOR A JURY TRIAL**

PNC Bank National Association,
      Defendant

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, complaining of Defendant, alleges and says that:

## GENERAL FACTUAL ALLEGATIONS

1. The Plaintiff is a citizen and resident of New Hanover County, North Carolina, under no legal disability, however at that time of the injury which he sustained, he was a citizen and resident of Hertford County, North Carolina.

2. The Defendant PNC Bank, National Association having FDIC #6384, is a banking institution organized and existing under the laws of the State of Delware, and is a successor in interest RBC Centura.

3. This action was initially filed on June 21, 2017, and was subsequently voluntarily dismissed without prejudice prior to service upon the Defendant and the

filing of any responsive pleading. The Plaintiff is refiling this motion within one year of the voluntary dismissal of the initial filing of this action.

4. James Michael Earley and wife Barbara Earley, were the owners of a certain parcel of land in Hertford County, North Carolina, (hereinafter referred to as the "Property") more specifically identified by PIN No 6931-37-3095, and further described in Deed Book 758 Page 240 of the Hertford County Register of Deeds.

5. James Michael Earley and Barbara Earley, entered into a Deed of Trust on April 21, 1997 with RBC Centura secured by the Property for a sum of Twenty-Five Thousand and 00/100 dollars ($25,000).

6. In approximately 1997 the Plaintiff and James Michael Earley formed a general partnership whereby they purchased certain real property located in Ahoskie, North Carolina, a property referred to as "Chubbies".

7. The Plaintiff and James Michael Earley also had a close familial relationship at the time of forming said general partnership, as they are cousins.

8. In the year 2000, the Plaintiff and James Michael Earley agreed to sale said real property referred to as "Chubbies".

9. At the time of the sale James Michael Earley and Barbara Earley were in the process of filing for bankruptcy, and it was agreed that the Plaintiff, as a result of selling said property, would receive title to the Property described in Deed Book 758 Page 240, in lieu of a cash distribution from the proceeds for the sale of "Chubbies". The full cash distribution from the sale of the Partnership's property would go to James Michael Earley and Barbara Earley.

10. In 2001 the Plaintiff became an obligor on the debt due and owing to RBC Centura. This was done to prevent the Property from being foreclosed upon by the bank, and to further effectuate the agreement of the parties to transfer title of the property to the Plaintiff. This modification was recorded and filed in the Hertford County Register of Deeds. A subsequent modification was also filed in June of 2003.

11. From 2001 until 2008 the Plaintiff made all payments on the debt due and owing on the property to RBC Centura, and further expended in excess of Twenty-Five Thousand and 00/100 dollars ($25,000), on improvements to the property including building a hunting lodge on said property.

12. In 2008, the Plaintiff received an assignment of the Note and Deed of Trust from RBC Centura, allowing the Plaintiff to "step into the shoes" of the Creditor.

13. While this document was properly executed, RBC Centura failed to properly record said document with the Hertford County Register of Deeds.

14. During this time, the Plaintiff made numerous requests to have title of this property transferred into his name, as agreed upon between Plaintiff and James Michael Earley, Barbara Earley, and Brian Mustian Beasley. While these requests were not acted upon, the Plaintiff did receive and maintain unfettered access to and usage of the property.

15. On June 30, 2014, James Michael Earley and Barbara Earley, without the knowledge or consent of the Plaintiff, transferred title of said property to Brian Mustian Beasley.

16. On June 26, 2014, PNC Bank, a successor in interest to RBC Centura, filed a Certificate of Satisfaction certifying that the Promissory Note secured by the Deed of Trust in Book 531 Page 176 of the Hertford County Register of Deeds was satisfied as it related to the James Michael Earley and Barbara Earley. This Certificate of Satisfaction was filed in error, as said Deed of Trust had been assigned to the Plaintiff in 2008.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

17. The allegations set forth in paragraphs 1 through 16 are realleged and incorporated by reference as if fully set forth herein.

18. The Defendant by and through its employees and agents was negligent in certain acts, practices, and omissions including but not limited to the following:

   a. Improperly and erroneously recording a document or recession for Deed of Trust in Book 531 Page 176 of the hertford County Register of Deeds, on June 26, 2014.

   b. Was negligent in other ways which may be identified in discovery and at a trial in this action.

19. The Plaintiff was not contributory negligent.

20. As a direct and proximate result of the negligence of the Defendant, the Plaintiff, suffered damages and injuries in excess of Twenty Five Thousand and no/100 Dollars ($25,000.00).

## SECOND CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY IN VIOLATION OF N.C.G.S. § 45-36.6(d)

21. The allegations set forth in paragraphs 1 through 20 are realleged and incorporated by reference as if fully set forth herein.

22. The Defendant as a successor in interest to the original holder of the Note described herein with RBC Centura, had a fiduciary relationship with the Plaintiff, as established by said note, and the Defendant breached said fiduciary duty in certain acts, including but not limited to the following:

   A. Fiduciary relationship existed between the Defendant and Plaintiff.

   B. As the successor in interest to the initial holder of the Note described herein, which had been assigned to Plaintiff in 2008, the Defendant had a duty to act in a matter of good faith and with due regard to the interest of the Plaintiff as it relates to the Note and Deed of Trust in question.

   C. N.C.G.S. § 46.6(d) provides that a person who erroneously or wrongfully records a document or recession is liable to any person injured thereby for the actual loss caused by recording and reasonable attorney's fees and cost.

   D. The Defendant had a duty and obligation to act in accordance with all applicable North Carolina General Statutes and act in a manner of good faith to prevent harm from coming to the Plaintiff.

   E. On June 26, 2014, the Defendant, PNC Bank, a successor in interest to RBC Centura did, in fact, file a certificate of satisfaction certifying that the Promissory Note secured by Deed of Trust in Book 531, Page 176 in the Office of the Register of Deeds of Hertford County was satisfied. The Defendant had no authority to

file such rescission as the note had been previously assigned to the Plaintiff by the Defendant as successor in interest to RBC Centura. This filing and rescission of the Promissory Note and Deed of Trust was done in error, and as a result of said filing, the property was allowed to be transferred to a bona fide purchaser in good faith, more specifically Brian Mustian Beasley.

23. As a result of said rescission and subsequent transfer of land, the Plaintiff has been barred from recovering the property which served as the collateral on the Note secured by the Deed of Trust found in Book 531, Page 176 in the Office of the Hertford County Register of Deeds and has subsequently lost an amount in excess of $25,000.00, which was just due and owing under the Note from James Michael Earley and Barbara Earley to the Plaintiff as well as the chance to recover from the land any and all expenditures he had made on said property, including a hunting lodge.

24. As a result of the Defendant's Breach of Fiduciary Duty the Plaintiff is entitled to recover a sum in excess of Twenty five thousand and 00/100 ($25,000.00).

### THIRD CLAIM FOR RELIEF
### UNFAIR AND DECEPTIVE TRADE PRACTICES

25. All allegations set forth in paragraphs 1 through 24 above are re-allege and incorporated herein by reference as if fully set forth.

26. N.C.G.S. § 46.6(d) provides that a person who erroneously or wrongfully records a document or recession is liable to any person injured thereby for the actual loss caused by recording and reasonable attorney's fees and costs.

27. On June 26, 2014, the Defendant, PNC Bank, a successor in interest to RBC Centura did, in fact, file a certificate of satisfaction certifying that the Promissory Note secured by Deed of Trust in Book 531, Page 176 in the Office of the Register of Deeds of Hertford County was satisfied. The Defendant had no authority to file such rescission as the note had been previously assigned to the Plaintiff by the Defendant as successor in interest to RBC Centura, and such action did in fact deceive Plaintiff as to his status under the existing Deed of Trust.

28. The Defendant's action was of a commercial nature, and had a direct effect on commerce.

29. As a direct and proximate result of the actions of the Defendant, the Plaintiff, suffered actual and consequential damages in excess of Twenty Five Thousand and no/100 Dollars ($25,000.00).

30. Accordingly, the Plaintiff is entitled to recover treble its actual damages from the Defendants pursuant to N.C.G.S. §75-16, in excess of Twenty Five Thousand and no/100 Dollars ($25,000) and attorney fees pursuant to N.C.G.S. §75-16.1.

WHEREFORE, the Plaintiff demands a trial by jury and prays that:

1. The Plaintiff have and recover of the Defendant a sum in excess of Twenty Five Thousand and 00/100 dollars ($25,000.00) as compensatory damages.

2. The Plaintiff have and recover all reasonable attorney's fees and costs pursuant to N.C.G.S. § 45-36.6(d)

3. The Plaintiff recover treble its actual damages pursuant to N.C.G.S §75-16.

4. The Plaintiff have and recover such other relief as the Court deems proper.

This the _5_ day of _May_, 2018.

**PRITCHETT & BURCH, PLLC**

By: _____
Lloyd C. "Clif" Smith, III
Attorneys at law
Post Office Drawer 100
Windsor, NC 27983
Telephone: (252) 794-3161
*Attorneys for Plaintiff*

8
Case 2:18-cv-00026-BO  Document 1-1  Filed 06/22/18  Page 10 of 10