**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Northern Division**

| | |
|---|---|
| STEVEN EARLEY,<br><br>   Plaintiff,<br><br>v.<br><br>PNC BANK NATIONAL ASSOCIATION,<br><br><br>   Defendant. | CASE NO. 2:18-00026-BO<br><br>*Removed from Hertford County Superior Court (Case No. 18 CVS 154)* |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant PNC Bank, National Association ("PNC"), by and through its undersigned attorney and pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, files this memorandum in support of its Motion to Dismiss on the grounds that the Complaint filed by Plaintiff Steven Earley fails to state a claim upon which relief may be granted for the reasons set forth below.

## <u>INTRODUCTION</u>

This complaint arises from a 1997 mortgage loan for which PNC (or its successor-in-interest) was the creditor and Steven Earley was a co-debtor. Steven Earley alleges that, in 2008, he was assigned the mortgage loan and "step[ped] into the shoes" of the creditor. Under North Carolina law, when a debt is assigned by a creditor to a debtor (or co-debtor), the debt is extinguished. Thus, the assignment of the mortgage loan to Steven Earley effectively cancelled that mortgage loan.

After PNC recorded a satisfaction of the mortgage loan, Steven Earley commenced this action, alleging that PNC's recording of a satisfaction was negligence, in breach of fiduciary duty,

and an unfair and deceptive trade practice. These claims are baseless, as PNC was the proper party to record, and properly did record, the satisfaction after the mortgage loan was cancelled via purported assignment to co-debtor Steven Earley. Steven Earley's claims must be dismissed with prejudice.

## PROCEDURAL BACKGROUND

Steven Earley originally commenced this action in the Superior Court of Hertford County on or about May 14, 2018. PNC timely removed the action to the United States District Court for the Eastern District of North Carolina, Northern Division, on June 22, 2018.

## ALLEGATIONS

In 1997, James Michael and Barbara Earley entered into a mortgage loan on the subject property in Hertford County, North Carolina, with PNC's predecessor, Centura Bank (the "Earley mortgage"). [Compl. ¶5; Defendant's Exhibit A].[1]

In 2001, Steven Earley purportedly purchased the subject property from James Michael and Barbara Early via an unrecorded purchase agreement. [Compl. ¶¶ 8-9, 14]. Around that same time, Steven Earley became a co-obligor on the Earley mortgage. [Compl. ¶ 10]. According to two recorded assumption and modification agreements, Steven Earley was obligated as a "borrower" on both the promissory note and the deed of trust constituting the Earley mortgage.

---

[1]    Although Defendant's Exhibit A was not attached to the Complaint, it may properly be considered as an attachment to this memorandum because (i) it is integral to, and forms the basis of, Steven Earley's Complaint and because Steven Earley has not disputed its authenticity, *e.g.*, *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); and (ii) it is a public record subject to judicial notice. *E.g.*, *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 778 (E.D.N.C. 2011). For these same reasons, Defendant's Exhibits B, C, and D — two recorded modification and assumption agreements and PNC's satisfaction — may also be considered by this Court.

[*See* Defendant's Exhibit B and C]. Steven Earley purportedly made "all payments on the [Earley mortgage] due and owing" between 2001 and 2008. [Compl. ¶ 11].

In 2008 — when the last payment on the Earley mortgage was due, per the latest modification and assumption agreement [Defendant's Exhibit C] — Steven Earley purportedly was assigned the Earley mortgage by PNC's predecessor, via an unrecorded assignment. [Compl. ¶¶ 12-13].

In June 2014, James Michael and Barbara Earley sold the subject property to Brian Mustian Beasley via recorded purchase agreement. [Compl. ¶ 15]. Around that same time, PNC recorded a satisfaction of the Earley mortgage. [Compl. ¶ 16; Defendant's Exhibit D].

In this complaint, Steven Earley asserts three causes of action — negligence, breach of fiduciary duty, and unfair and deceptive trade practices — all based on the allegation that PNC's recording of the satisfaction of the Earley Mortgage was improper. [Compl. ¶¶ 17-30]. Steven Earley contends that, because of the purported unrecorded assignment of the Earley mortgage, Steven Earley was the creditor of the Earley mortgage and PNC was not the proper party to record the satisfaction. [Compl. ¶ 16].

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), all of the well-pleaded factual allegations in a plaintiff's complaint must be accepted as true, but the Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n. 26 (4th Cir. 2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## ARGUMENT

**I.  THE SATISFACTION OF THE EARLEY MORTGAGE WAS PROPERLY RECORDED BY PNC BECAUSE THE PURPORTED ASSIGNMENT TO STEVEN EARLY EXTINGUISHED THE DEBT.**

Under North Carolina law, an obligor on a debt cannot be assigned that debt, and any such assignment operates to extinguish the debt.  As explained by North Carolina's Supreme Court:

> One who is primarily liable for a debt cannot acquire the debt, that is, a claim against himself, and assert that the debt is still outstanding.  The same person cannot be debtor and creditor, and the effect of his acquisition of the debt is to render it no longer existent. So when the person whose debt is secured by a mortgage, ordinarily the mortgagor himself, acquires the debt with its incidental lien, the debt being discharged, the mortgage lien is extinguished.

*Waff Bros, Inc. v. Bank of N. Carolina, N.A.*, 289 N.C. 198, 207, 221 S.E.2d 273, 278 (1976) (quoting "Tiffany on Real Property, 3d Ed., § 1482").

The same result obtains when the purported assignee is a co-obligor, *viz.*, where there are co-obligors, the assignment of the debt to one co-obligor extinguishes the entire debt.  *See Bunker v. Llewellyn*, 221 N.C. 1, 18 S.E.2d 717, 718 (1942) (where plaintiffs and defendants were co-borrowers and plaintiffs purportedly purchased the debt, held: "[I]f plaintiffs be the owners of the note, the allegations are tantamount to saying that plaintiffs paid the bank and took up the note.  If so, plaintiffs and defendants being co-principals and all equally liable on the note, such payment constitutes extinguishment of the note."); *see also Hofler v. Hill*, 311 N.C. 325, 331, 317 S.E.2d

4

670, 674 (1984) (citing *Bunker*, and holding "equal obligors[] on a debt may not be subrogated to the rights of the creditor against each other").[2]

In his complaint, Steven Earley admits that he was "an obligor" on the Earley mortgage, along with James Michael and Barbara Earley.  [Compl. ¶ 10].  This admission supports only the conclusion that Steven Earley is a co-obligor and not an accommodation party (or surety, *etc.*), and that conclusion is supported by (i) Steven Earley's execution of the assumption and modification agreements as "borrower," and not as guarantor or surety [Defendant's Exhibit B and C]; (ii) Steven Earley's stated reasons for becoming a co-obligor, *i.e.*, to avoid foreclosure and protect his unrecorded interest in the subject property [Compl. ¶ 10]; (iii) the fact that James Michael and Barbara Earley obtained the Earley mortgage without Steven Earley; and (iv) Steven Earley's receipt of the benefit of the use and purported ownership of the property secured by the Earley mortgage.  *See Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 60, 418 S.E.2d 694, 699 (1992) (finding party to be co-obligor where (i) the party signed as co-maker; (ii) the party sought to obtain benefit from the security for the debt; and (iii) the party's signature was not necessary for the co-makers to obtain the loan).

As a co-obligor primarily liable for repayment of the Earley mortgage, the purported assignment of that mortgage to Steven Earley operated to extinguish the Earley mortgage.  *See Waff Bros.*, 289 N.C. At 207, 221 S.E.2d at 278; *Bunker*, 221 N.C. at 1, 18 S.E.2d at 718.  Steven Earley may have retained the right to seek *contribution* from co-obligors James Michael and

---

[2]     And this law applies whether or not Steven Earley, as co-obligor, actually acquired any interest in the subject property via the unrecorded purchase interest in 2001 (though we must assume he did).  *See Smith v. Bank of Pinehurst*, 223 N.C. 249, 253, 25 S.E.2d 859, 861 (1943) ("As a general rule, where a purchaser of land subject to a mortgage takes an assignment of the mortgage, the debt secured by the mortgage is extinguished."); *Waff Bros.*, 289 N.C. at 207, 221 S.E.2d at 278 (noting that extinguishment occurs in general and "when a grantee of the land assumes payment of the mortgage and thereafter acquires the mortgage debt").

Barbara Earley, but the Earley *mortgage* could not be enforced post-assignment.  *See Hofler*, 311 N.C. at 331, 317 S.E.2d at, 674 ("equal obligors[] on a debt may not be subrogated to the rights of the creditor against each other but are limited to a 'just and ratable' contribution").

Because the Earley mortgage was extinguished as of the 2008, the time of the purported assignment to Steven Earley, the recording of a satisfaction of the Earley mortgage was property.  And PNC — as successor-in-interest to the mortgagee of record at the time of satisfaction [Compl. ¶ 16] — was the proper party to record that satisfaction.  *See* N.C. Gen. Stat. § 45-36.10(a) (providing that the secured creditor may record a satisfaction).  Because PNC's recording of the satisfaction was proper, PNC's action was not negligent, in breach of any duty, or unfair and deceptive, and Steven Earley's claims must all be dismissed with prejudice.

## II.     EACH OF STEVEN EARLEY'S CAUSES OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MUST BE DISMISSED.

 PNC's purported breach of the Earley mortgage and assignment contracts — allegedly improperly exercising rights in the Earley mortgage by recording the satisfaction — cannot support a tort action for negligence. The relationship between Steven Earley and PNC as debtor-creditor or assignee-assignor is contractual.  *See* 6A C.J.S. Assignments § 124 ("An assignment is a contract and may accordingly give rise to actions between the assignor and the assignee as in the case of contracts generally.").  As such, Steven Earley is limited to contractual relief and cannot bring a claim for negligence.  *See Spillman v. Am. Homes of Mocksville, Inc.*, 108 N.C. App. 63, 65, 422 S.E.2d 740, 741-42 (1992) (holding that "a tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract," as "[i]t is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation").

Additionally, PNC and Steven Earley's contract relationship did not create a fiduciary duty. *See Dallaire v. Bank of Am., N.A.*, 367 N.C. 363, 368, 760 S.E.2d 263, 266 (2014) ("Ordinary borrower-lender transactions . . . are considered arm's length and do not typically give rise to fiduciary duties." ); *Thompson*, 107 N.C. App. at 61, 418 S.E.2d at 699 ("parties to a contract do not thereby become each others' fiduciaries; they generally owe no special duty to one another beyond the terms of the contract and the duties set forth in the [Uniform Commercial Code]"). To set forth a claim for breach of fiduciary duty, a party to a contract must allege "sufficient facts to show that a relationship existed where [one party] placed special confidence in [another party], who, in equity and good conscience, had to act in good faith and due regard for [the first party's] interests." *Robinson v. Deutsche Bank Nat. Tr. Co.*, No. 5:12-CV-590-F, 2013 WL 1452933, at *15 (E.D.N.C. Apr. 9, 2013). Steven Earley has set forth no allegations to show that PNC owed a fiduciary duty or breach that duty by releasing the Earley mortgage. *Cf. Thompson*, 107 N.C. App. at 60, 418 S.E.2d at 699 (allegedly erroneous release of deed of trust does not support claim for breach of fiduciary duty).

Finally, PNC's alleged breach of the Earley mortgage and assignment thereof does not support a claim for unfair and deceptive trade practices, as a mere breach of contract is insufficient to support such a claim. *See Thompson*, 107 N.C. App. at 62, 418 S.E.2d at 700 ("It is well recognized, however, that actions for unfair or deceptive trade practices are distinct from actions for breach of contract, and that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain [a UDTPA] action."). Steven Earley's allegations that PNC improperly recorded a satisfaction of the Earley mortgage are insufficient to set forth an unfair and deceptive trade practices claim. *Id.* ("It appears from the record and briefs of counsel that the gravamen of the [claimants'] counterclaim is that in releasing its deed of trust on several of the

lots in the development, [the bank] allegedly violated the terms of the [n]ote and loan agreement, and has thus committed an unfair trade practice. The [claimants] fail to allege any acts beyond that of breach of contract, much less rising to the level of unfair or deceptive, which would sustain a claim for unfair trade practices.").

As Steven Earley has not set forth any plausible claims for relief, his complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, PNC respectfully requests that this Court grant its Motion to Dismiss, dismiss with prejudice all of Steven Earley's claims, and award PNC any further relief that the Court deems just and proper.

Respectfully submitted, this the 28th day of June, 2018.

_/s/ Christopher B. Karlsson_____
Christopher B. Karlsson
N.C. State Bar No. 41357
McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
704.373.8053 (Direct Line)
704.343.2300 (Fax)
ckarlsson@mcguirewoods.com

*Counsel for PNC Bank, National Association*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 28, 2018, a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**, with any and all attachments, was filed electronically with the Clerk of Court via ECF and served via First-Class Mail, postage prepaid, addressed to:

Lloyd C. "Clif" Smith III
Pritchett & Burch, PLLC
Post Office Drawer 100
Windsor, NC 27983
*Counsel for Plaintiff*

_/s/ Christopher B. Karlsson_____ _____
Christopher B. Karlsson