IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:18-cv-00026

| | |
|---|---|
| Steven Earley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM IN OPPOSITION TO** |
| PNC Bank National Association, ) | **DEFENDANTS MOTION TO DISMISS** |
| ) | |
| Defendant ) | |

## STATEMENT OF FACTS

The Plaintiff accepts herein by reference the Defendant's recitation of the facts as set forth in its brief in support of its Motion to Dismiss and further incorporates by reference the factual allegations contained in the Plaintiff's Complaint.

## STANDARD OF REVIEW

A motion to dismiss, "tests the legal sufficiency of pleadings, but does not seek to resolve disputes surrounding the facts." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The pleadings "must be liberally construed in a light most favorable to the non-moving party and allegations made therein are taken as true." *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.E.2d. 404 (1969). Wherefore, pleadings should only be dismissed, where it, "appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d. 80 (1957).

## **ARGUMENT**

The Plaintiff has filed three separate claims under which he seeks relief: Negligence, Breach of Fiduciary Duty, and Unfair and Deceptive Trade Practices. The underlying breach allegation in each claim is that the Defendant improperly filed a satisfaction of a deed of trust which had previously been assigned to the Plaintiff by a predecessor in interest to the Defendant. That this filing stymied the Plaintiff's ability to enforce his lien on said real property losing any protection he had in his monetary interest in the note and security interest he had been assigned.

The Defendant, contends that the Plaintiff, as an obligor on the underlying note at the time of assignment, discharged the lien when he took over the underlying note, and therefore the actions of the Defendant in filing the satisfaction were proper. The Defendant relies upon language from *Waff Bros. Inc v. Bank of North Carolina,* in which the Supreme Court of North Carolina discusses the application of *merger vel non*. *Waff Bros. Inc v. Bank of North Carolina*, 298 N.C. 198, 221 S.E.2d 273 (NC 1976). *Waff Bros.*, like its progeny discusses the issue of merger in relation to lien priority between competing creditor and debtors, citing to two separate decisions. One, *Hussey v. Hill*, referencing the merger of *fee estates*, held that a merger of the two estates occurs when the "owner" of mortgage land, also becomes the owner of the indebtness. *Hussy*

2

*v. Hill*, 120 N.C. 312, 26 S.E. 919 (N.C. 1897). The second opinion cited is, *Furniture Co v. Potter,* where the court quoted the late Chief Justice in stating,

> "It is undoubtedly the general rule of law that where one who holds a mortgage on real estate becomes the owner of the fee, and the two estates are thus united in the same persons, ordinarily the former estate merges in the latter. The equitable or lesser estate is said to be swallowed up, or 'drowned out, 'by the legal or greater interest. But this rule does not apply where such merger would be inimical to the interests of the owner . . . as to whether such was intended by the parties is a question of fact; and the courts will 'permit or prevent the application of the doctrine as the same may accord with the intent of the parties and the right and justice of the matter." *Waff*, 298 N.C. 198, 206, 221 S.E.2d 273, 278 (NC 1976) citing *Furniture Co. v. Potter*, 188 N.C. 145, 124 S.E. 122.

*Waff,* stands for the proposition that the theory of merger is primarily one applied in cases of priority determinations between liens, and that the purpose of merger is to prevent the circumvention of the rights of junior lien holders. Even if the theory of the merger is applied to an action for negligence where a Plaintiff holds no legal title to the mortgaged land, Waff clearly seems to hold that at the very least the intention of the parties to the "transfer" must be determined. *Waff*, 298 N.C. 198, 206, 221 S.E.2d 273, 278 (NC 1976).

In the present matter, the Plaintiff has alleged that he became an obligor on an existing note and did so to protect his interest in certain real property he believed should have lawfully been transferred to him at some time by the other original parties to the note and deed of trust. Nowhere does the Plaintiff allege that he has been given lawful title to the property, only that he took assignment of the security interest to

protect expenditures in the property and any potential claim to title he may be able to obtain through legal process.

The Plaintiff lawfully received an assignment of both the note and deed of trust from the Defendant's predecessor in interest, and all rights thereto to enforce said security interest against the other obligors to the note. This is not a scenario as such referenced by the Defendants where merger of the two estates occur extinguishing the lien. First, the Plaintiff never received the fee estate in the real property prior to or following the assignment of the note and deed of trust, and secondly, assuming arguendo that the transfer of title was not necessary for the merger and subsequent extinguishment of said lien, it was clearly not the intent of the Plaintiff as alleged in the complaint to merge and therefore extinguish his lien interest in the real property, in fact, his intent was quite the contrary.

If the lien did not extinguish on assignment, then all rights and powers under said security interest were transferred from the Defendant to the Plaintiff, and the Defendant would have no ability or power to authorize the satisfaction of said lien. Taking the allegations in a light most favorable to the Plaintiff, the Defendant owed a duty of good faith under N.C.G.S. §46 *et seq*, and general common law principals to the Plaintiff. Whereby the bank was not to file a satisfaction it had no authority to file. The predecessor in interest to the Defendant had lawfully assigned the security interest to the Plaintiff, albeit while failing to record it, and at said time relinquished all control over said security interest including the right to file a satisfaction. This action breached

4

the Defendants duty to the Plaintiff and caused him monetary harm. At a minimum the Plaintiff has made sufficient allegations to maintain an action for negligence.

Furthermore, the Plaintiff has sufficiently pled the necessary elements of a claim for Unfair and Deceptive Trade Practices. More specifically that the Defendant by incorrectly filing a satisfaction of a deed of trust provided notice to the public that the lien encumbering said real property was extinguished, deceiving the Plaintiff in a matter of a commercial nature directly effecting commerce, and causing the Plaintiff to suffer monetary loss. As such the Defendant's motion to dismiss the claims of the Plaintiff should be denied.

This the 30th day of July, 2018.

**PRITCHETT & BURCH, PLLC**

By: /S/ Lloyd C. Smith, III
Lloyd C. (Clif) Smith, III
NC Bar Number: 38518
Post Office Drawer 100
Windsor, NC 27983
Telephone: (252)794-3161
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I herby certify that on July 30, 2018, I served the foregoing Memorandum in Opposition to Defendants Motion to Dismiss, against the named defendant, with the Clerk of Court using CM/ECF, which will automatically serve a copy on the named Defendants:

    Christopher B. Karlsson
    N.C. State Bar No. 41357
    McGuireWoods LLP
    201 North Tryon Street Suite 3000
    Charlotte, NC 28202-2146
    704.373.8053 (Direct Line)
    704.343.2300 (Fax)
    ckarlsson@mcguirewoods.com

This the 30th day of July, 2018

**PRITCHETT & BURCH, PLLC**

By:     /S/ Lloyd C. Smith, III
    Lloyd C. (Clif) Smith, III
    NC Bar Number: 38518
    Post Office Drawer 100
    Windsor, NC 27983
    Telephone: (252)794-3161
    *Attorney for Plaintiff*