IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-26-BO

STEVEN EARLY,                              )
                    Plaintiff,             )
                                           )
v.                                         )            **O R D E R**
                                           )
PNC BANK NATIONAL ASSOCIATION.,            )
                    Defendant.             )

This matter is before the Court on defendant's motion to dismiss [DE 8]. A hearing was

held before the undersigned on August 29, 2018 at Elizabeth City, North Carolina. For the

following reasons, the case is REMANDED to Hertford County Superior Court.

Plaintiff initially brought suit in state court in Hertford County, North Carolina on May

14, 2018. Plaintiff alleged claims of negligence, breach of fiduciary duty, and unfair and

deceptive trade practices. Plaintiff's complaint alleged damages in excess of $25,000 for

compensatory damages related to defendant's negligence, $25,000 for compensatory damages

related to breach of fiduciary duty, and treble damages due to unfair and deceptive trade

practices. *See* N.C.G.S. § 75-1. Defendant removed this case to federal court on June 22, 2018

on the basis of diversity jurisdiction [DE 1] and moved to dismiss [DE 7].

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or

subjects of a foreign state." 28 U.S.C. § 1332(a). Upon removal of a state action to federal court,

"[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal."

*Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v.*

*Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). When considering whether a removal is proper,

the Court must remand the case if federal jurisdiction is doubtful, as removal jurisdiction raises significant federalism concerns. *Mulcahey*, 29 F.3d at 151.

Here, the parties agree that there is diversity of citizenship, as plaintiff is a North Carolina citizen and defendant is Delaware corporation.

At the hearing, plaintiff indicated that he does not wish to proceed with his unfair and deceptive trade practices claim. Plaintiff and defendant both acknowledged that absent the treble damages provision of North Carolina's Unfair and Deceptive Trade Practices Act, the claims brought by plaintiff do not exceed $75,000.

As the parties are in agreement, this Court dismisses plaintiff's claim for unfair and deceptive trade practices without prejudice. As the amount in controversy does not exceed the value of $75,000, this Court lacks jurisdiction 28 U.S.C. 1332(a). This Court being without jurisdiction, defendant's motion to dismiss [DE 8] is DENIED AS MOOT. The matter is REMANDED to the Superior Court of Hertford County, North Carolina. The Clerk is DIRECTED to close the case.

SO ORDERED, this **30** day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE